**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3624-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TRACEY A. HUSARENKO,

    Defendant-Appellant.

_____

Submitted May 21, 2018 — Decided June 12, 2018

Before Judges Rose and Firko.

On appeal from Superior Court of New Jersey,
Law Division, Warren County, Indictment No.
16-06-0220.

Joseph E. Krakora, Public Defender, attorney
for appellant (Alyssa Aiello, Assistant Deputy
Public Defender, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney
for respondent (Jenny M. Hsu, Deputy Attorney
General, of counsel and on the brief).

PER CURIAM

After her motion for admission into the pretrial intervention
("PTI") program, defendant pled guilty to third-degree fraudulent
use of a credit card, N.J.S.A. 2C:39-5(b)(1), and third-degree

theft, N.J.S.A. 2C:20-3(a). The trial court sentenced defendant to a five-year probationary term conditioned on the payment of restitution. Defendant appeals from the judgment of conviction entered by the trial court on April 11, 2017. We affirm.

We incorporate by reference the pertinent facts set forth in Judge H. Matthew Curry's comprehensive written opinion denying defendant's admission into PTI. In sum, between 2011 and 2014, while working as a bookkeeper at the Land of Make Believe in Hope, defendant committed multiple acts of theft from her employer, including use of the company credit card for personal purchases. The total loss to the company exceeded $60,000. In May 2014, the company reported defendant's theft to the State Police.

Two years later, defendant was charged in a Warren County indictment with six counts of third-degree theft and six counts of third-degree fraudulent use of a credit card. Defendant applied for admission into PTI. The program director denied defendant's application, citing a "continued pattern of antisocial behavior" and the victim's opposition. The prosecutor agreed with that determination, likewise denying defendant's admission into the program. In doing so, the prosecutor cited defendant's "continuing pattern of antisocial behavior," the victim's opposition to diversionary treatment, "[t]he needs and interests of the victim and society," and the public need for prosecution outweigh "the

value of supervisory treatment." Defendant appealed, and Judge Curry denied defendant admission into PTI in a September 2, 2016 order that accompanied his written opinion.

On appeal, defendant presents a single argument for our consideration:

POINT I

IN REJECTING DEFENDANT'S PTI APPLICATION, THE PROSECUTOR FAILED TO CONSIDER ALL RELEVANT STATUTORY FACTORS, AS SHE IS REQUIRED TO DO. THEREFORE THE TRIAL COURT ERRED IN FAILING TO REMAND THE MATTER TO THE PROSECUTOR FOR FURTHER CONSIDERATION

Defendant contends the prosecutor's decision was a patent and gross abuse of discretion, requiring a remand for further consideration. In particular, she claims that, in rejecting her PTI application, the prosecutor primarily failed to consider three of the seventeen factors set forth in N.J.S.A. 2C:43-12(e), as follows:

(3) The motivation and age of the defendant;

(5) The existence of personal problems and character traits which may be related to the applicant's crime and for which services . . . may be provided more effectively through supervisory treatment; and

(6) The likelihood that the applicant's crime is related to a condition or situation that would be conducive to change through his participation in supervisory treatment.

A-3624-16T3

In support of her contentions, defendant argues her personal background supports admission to PTI. Specifically, she was in her mid-thirties at the time she committed the offenses, and had never been arrested previously. Defendant was raised by a physically abusive father, and has been financially independent since the age of eighteen. She is a single mother and sole provider for four children, one with special needs. Defendant thus claims financial pressures led to her committing "a crime of desperation rather than malice or greed."

The State counters it considered all relevant factors including those set forth in N.J.S.A. 2C:43-12(e)(3), (5) and (6). Regarding factor three, the prosecutor acknowledged defendant's age and noted she "is not a [nineteen] year old person" who stole from her employer and made a bad decision. Instead, defendant is older, in a "position of trust, [and] knew exactly what she was doing." Defendant's actions were methodical and "increased over the years."

In addressing factor five, the prosecutor observed "PTI only allows a [thirty-six]-month limit . . . [whereas] probation can be up to five years." Because defendant was ordered to pay more than $60,000 in restitution, the prosecutor argued a lengthy probationary term afforded a longer opportunity to repay the victim. Further, the prosecutor recognized defendant's actions

were not an aberration of her character, but rather "a continuing pattern of criminal conduct."

As to factor six, the prosecutor stressed the importance of safeguarding potential future victims from defendant's criminal behavior. Defendant violated the company's trust by taking advantage of her position as a bookkeeper for several years. The prosecutor contended defendant's admission to PTI would allow her to expunge her criminal record and subsequently place future employers at risk of becoming potential victims. Because the commission of the present offenses by a competent middle-aged adult spanned several years, the prosecutor reiterated that the offenses were not an aberration of character.

Our Supreme Court has long recognized PTI is a "diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior." State v. Roseman, 221 N.J. 611, 621 (2015) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). Acceptance into PTI depends on an initial recommendation by the criminal division manager and the prosecutor's consent. Ibid. "The assessment of a defendant's suitability for PTI must be conducted pursuant to the Guidelines set forth in Rule 3:28, along

with consideration of factors listed in N.J.S.A. 2C:43-12(e)." Ibid.

The decision to admit a defendant to PTI, however, is a "quintessentially prosecutorial function." Id. at 624 (quoting State v. Wallace, 146 N.J. 576, 582 (1996)). Therefore, the prosecutor's decision to grant or deny a defendant's PTI application is entitled to great deference. Ibid. (citing State v. Leonardis, 73 N.J. 360, 381 (1977)). A trial court may overrule a prosecutor's PTI determination only when the circumstances "clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of . . . discretion." Id. at 624—25 (quoting Wallace, 146 N.J. at 582). We apply the same standard of review as the trial court, and review its decision de novo. State v. Waters, 439 N.J. Super. 215, 226 (App. Div. 2015).

To establish a patent and gross abuse of discretion, a defendant must demonstrate that the prosecutor's decision "(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgement" and that "the prosecutorial error complained of will clearly subvert the goals underlying [PTI]." Roseman, 221 N.J. at 625 (quoting State v.

<u>Bender</u>, 80 N.J. 84, 93 (1979)). The prosecutorial decision must be "so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention." <u>Wallace</u>, 146 N.J. at 583 (quoting <u>State v. Ridgway</u>, 208 N.J. Super. 118, 130 (Law Div. 1985)).

Here, Judge Curry correctly found the prosecutor's decision to deny defendant's application for admission to PTI was not a patent and gross abuse of discretion. In doing so, the judge recognized "[d]efendant chose to engage in a pattern of anti-social behavior." He also expressly rejected defendant's argument that a remand is necessary.

In particular, the judge noted defendant failed to submit "any mitigating proofs in support of diversion, nor has she shown amenability to probationary supervision by paying the victim restitution." <u>See</u> Guidelines for Operation of Pretrial Intervention in New Jersey, Pressler & Verniero, <u>Current N.J. Court Rules</u>, Guideline 2 following <u>R.</u> 3:28 at 1290 (2018) (stating that if a defendant chooses to challenge a rejection from PTI, she must allege and present "any facts or materials . . . showing compelling reasons justifying the defendant's admission, and establishing that a decision against enrollment would be arbitrary and unreasonable."); <u>see also</u> <u>Nwobu</u>, 139 N.J. at 246 ("[A] defendant

must 'clearly and convincingly establish that the prosecutor's refusal to sanction admission into [a PTI] program was based on a patent and gross abuse of his discretion.'") (emphasis and citation omitted).

Further, the judge determined it was "particular[ly] disconcerting . . . that after [defendant] was confronted about the missing money, she continued to engage in antisocial behavior by failing to deposit petty cash in August 2014." The trial court found "[t]his evidences an ongoing pattern of deception by the defendant to take advantage of her employer, which was methodical, required calculation, and involved gradually increased amounts of money as time went by. Such behavior is not a one-time aberration of character." We discern no error in the court's determination.

We also note that although the prosecutor did not discuss all seventeen factors in the decision denying PTI admission, the court must "presume that a prosecutor considered all relevant factors, absent a demonstration by the defendant to the contrary." Waters, 439 N.J. Super. at 233 (quoting Wallace, 146 N.J. at 584). Here, defendant did not rebut that presumption. We are therefore convinced that the trial court correctly determined the prosecutor's decision to deny defendant's application for admission to PTI was not a patent and gross abuse of discretion.

As such, the prosecutor's decision was not "so wide of the mark sought to be accomplished by PTI" that it requires our intervention.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION